Valerie M. JAMES, Appellant–
Respondent,

v.

PIKE COUNTY, Indiana, Office of Family and Children and Debra Burroughs, Appellees–Petitioners.

No. 63A01–0106–JV–237.

Court of Appeals of Indiana.

Dec. 17, 2001.

---

Brian K. Mahoney, Mahoney Law Office, Petersburg, IN, Attorney for Appellant.

Robert D. Lewis, Lewis & Miller, Vincennes, IN, John A. Hargis, Wagoner, Ayer & Hargis, Rockport, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Valerie M. James brings this interlocutory appeal from the trial court's denial of her motion to dismiss Pike County Office of Family and Children's ("OFC") petition to terminate her parental rights. She presents four issues for our review, which we consolidate and restate as:

1. Whether Indiana Code Section 31–35–2–4.5 violates federal law.

2. Whether the statute violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

3. Whether the current version of the statute applies here.

We affirm.

### FACTS AND PROCEDURAL HISTORY

James and Joseph Kuehne had a son, J.J., on November 23, 1993. James and

Robert Dotterweich had a daughter, B.J., on June 25, 1998. Both children were born out of wedlock. For reasons undisclosed in the record on appeal, a trial court determined that both J.J. and B.J. were children in need of services ("CHINS") and ordered them removed from James' home in 1999. Since that time, both children have lived with their maternal grandmother, Debra Burroughs.

Approximately seventeen months after the children's removal from James' home, the OFC filed petitions to terminate the parental rights of James and both fathers with respect to J.J. and B.J. James moved to dismiss the petitions, arguing that the children's placement with their maternal grandmother gave the State no compelling reason to terminate James' parental rights. Following a hearing, the trial court denied that motion. This appeal ensued.[1]

### DISCUSSION AND DECISION

### Issue One: Violation of Federal Law

James first contends that Indiana Code Section 31–35–2–4.5, Indiana's termination of parental rights statute, violates the Federal Adoption Assistance and Child Welfare Act ("the Act"). Specifically, she maintains that while the fact that her children have been placed with their grandmother is a defense to the OFC's petition to terminate her parental rights under the Act, the children's placement is only a *consideration* to be made in determining whether termination is in the children's best interests under Indiana law. *See* 42 U.S.C.A. § 675; Ind.Code § 31–35–2–4.5.

In *Phelps v. Sybinsky*, 736 N.E.2d 809 (Ind.Ct.App.2000), *trans. denied*, we addressed the issue of whether Indiana's

termination statute violates the Act. In that case, the parents argued that the Indiana statute violated the Act "because the federal Act requires the filing of a petition to terminate 'unless' it is not in the best interest of the child, but the Indiana statute requires the filing of a petition even when it is not in the best interest of the child." *Id.* at 814. We agreed with the State's assertion that "[t]he two statutes accomplish the same end, although they take slightly different approaches to do so." *Id.* Specifically, we held that:

> [T]he only difference between the federal and state statutes is the involvement of the trial court in determining the child's best interests. Under the federal statute, a county attorney's review and determination will prevent some petitions from ever being filed, while under the Indiana statute petitions in all cases must be filed and the trial court is required to make the determination of the child's best interests. We agree with the State that the Indiana procedure "does even more to guard the best interest of children in foster care." The means by which it accomplishes this do not violate federal law.

*Id.* at 815.

We see no substantive difference between the parents' argument in *Phelps*, that the Indiana statute requires the filing of a petition even when it is not in the best interest of the child, and James' contention here, namely, that the petitions should be dismissed because the children's best interests are satisfied regardless of termination. Accordingly, we follow our holding in *Phelps* and conclude that the Indiana termination statute does not violate federal law.[2]

---

**1.** Neither of the putative fathers is a party to this appeal.

**2.** Moreover, even if we were to conclude that Indiana's statute violated the Act, we are not

### Issue Two: Fourteenth Amendment

■ James next contends that Indiana's termination statute[3] violates her substantive due process rights under the Fourteenth Amendment. James raises this issue for the first time on appeal. However, a party can challenge the constitutionality of a statute at any stage of a proceeding. *See Morse v. State,* 593 N.E.2d 194, 197 (Ind.1992).

■ James asserts that Indiana's termination statute violates her "fundamental right to maintain a legal relationship with her child[.]" Brief of Appellant at 10. Specifically, she contends that the State is not justified in seeking to terminate her parental rights because the children are in a loving home with a relative. We cannot agree.

This court addressed a due process challenge to the termination statute in *Phelps,* where the parents maintained that the Indiana statute violated their fundamental right to "family integrity." *Id.* at 817. We acknowledged that the Fourteenth Amendment "protects the sanctity of the family." *Id.* (quoting *Moore v. City of East Cleveland,* 431 U.S. 494, 503, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977)). But we held that:

> in a position to provide any remedy to James. As we noted in *Phelps:*
>
> > Neither party discusses whether this Court has jurisdiction to decide this issue or what the remedy for a violation would be. This is not a constitutional claim that would require us to strike down the statute (or part of the statute) if it is found constitutionally infirm. Rather, the claim deals with a purported violation of a federal statute that is tied to conditional funding for a state. Thus, a violation would presumably lead to the cessation of funding from the federal government.
>
> *Phelps,* 736 N.E.2d at 814 n. 2.

"[T]he Due Process Clause does not empower the judiciary to sit as a superlegislature to weigh the wisdom of legislation." The legislation must merely bear a rational relation to a legitimate governmental purpose. The Indiana statute seeks to facilitate adoptions, instead of endless foster care placements, for children placed outside their parental homes for an extended period of time. Accordingly, it sets a fifteen-month benchmark after which the judicial system becomes involved by the automatic filing of a petition to terminate parental rights. Although the filing of such a petition is certainly not a matter to be taken lightly, it does bear a rational relation to the State's very legitimate interest in promoting adoptions of children who have been removed from their parental homes for extended periods of time. The Indiana statute, with the protections outlined above, does not violate the Due Process Clause.

*Id.* at 818 (citations omitted). Here, we follow our holding in *Phelps* and reiterate that the Indiana statute does not violate the Due Process Clause.

### Issue Three: Former Statute

■ Finally, James maintains that the former version of Indiana Code Section

3. Indiana Code Section 31–35–2–4.5 provides in relevant part that the OFC shall file a petition to terminate parental rights where:
   (1) a court has made a finding ... that reasonable efforts for family preservation or reunification with respect to a child in need of services are not required; or
   (2) a child in need of services:
   (A) has been placed in:
   (i) a foster family home ...; or
   (ii) the home of a person related to the child ...; and
   (B) has been removed from a parent and has been under the supervision of a county office of family and children for not less than fifteen (15) months of the most recent twenty-two (22) months[.]

31–35–2–4.5, which was in effect at the time that her children were declared CHINS, applies. That version of the statute provided that placement of a CHINS with a grandparent was an absolute defense to a petition to terminate parental rights. The current version, which was in effect at the time that the OFC filed its petition to terminate James' parental rights, provides in relevant part that a compelling reason for concluding that termination is *not* in the best interests of a child "may include the fact that the child is being cared for by a custodian who is a . . . grandparent[.]" *See* I.C. 31–35–2–4.5.

Again, James raises this issue for the first time on appeal. But, because it is not a constitutional challenge to the statute, the issue is waived. *See Mitchell v. Stevenson*, 677 N.E.2d 551, 558 (Ind.Ct.App. 1997), *trans. denied.*

James contends, in the alternative, that the trial court should have dismissed the OFC's termination petitions under the current version of Indiana Code Section 31–35–2–4.5. Specifically, she asserts that dismissal is mandatory since her children have been placed with their grandmother. We cannot agree.

■ The statute provides in relevant part that a party shall file a motion to dismiss a petition to terminate parental rights if the OFC documents a "compelling reason" that termination is not in the best interests of the child. I.C. § 31–35–2–4.5(d)(1). And, as we have already noted, a compelling reason *may* include the fact that the child is being cared for by a grandparent. *Id.* This court has previously noted that "this is permissive language . . . [, thus] the OFC [is] not required as a matter of law to dismiss [a] petition to terminate" where the child is placed with a relative. *In re M.H.C.*, 750 N.E.2d 872, 878 (Ind.Ct.App.2001). Accordingly, the trial court did not err when it denied James' motion to dismiss the OFC's petitions to terminate her parental rights.

Affirmed.

BAKER, J., and MATTINGLY–MAY, J., concur.